UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard McEvoy, et al.

   v.                                         Civil No. 09-cv-431-SM

Hillsborough County, et al.

**O R D E R**

Before the court is defendants' motion to reconsider (doc. no. 42) the court's order dated May 5, 2011 (doc. no. 41). The motion is granted in part and denied in part.

The motion is granted to the following extent:

1. Defendant is granted an extension of time to comply with the order until July 1, 2011.

2. With respect to producing records of inmates with symptoms of drug detoxification and withdrawal (including dehydration), the court approves a procedure whereby the jail will review <u>all</u> nonparty inmate medical records (for the one-year preceding Kevin's death) for symptoms of drug detoxification and withdrawal (including dehydration), that appear in the medical records. If such symptoms do not appear in a particular inmate's medical records within seven days from the date of the inmate's initial incarceration date, the jail

need not conduct any further review of that inmate's medical records and need not produce that inmate's records.  This procedure will reduce the page-by-page, manual review of medical records that the jail must undertake to comply with the court's order.  Plaintiffs concede that symptoms of opiate withdrawal peak at seventy-two hours and can last five to seven days.  Thus, this limitation is reasonable and balances the interests at stake.  The court does not approve the procedure whereby the jail would filter out of its review the medical records of inmates who did not identify their opiate addiction in their "pre-med" interview.  The court can imagine a scenario in which a drug-addicted inmate would not in his initial intake interview identify himself to jail medical staff as a drug user or a drug addicted person.  Nothing in the record suggests that such an individual would experience withdrawal differently than an inmate who identified himself as an addict.

    3.  With respect to medical records of inmates who suffered symptoms of dehydration (independent of opiate withdrawal), the court approves defendants' proposed procedure of producing only those records where the dehydration symptoms were severe enough to result in a hospital transfer.  Without this limitation, the search for records revealing symptoms of dehydration

(independent of opiate withdrawal) would be unlikely to lead to relevant evidence and would, therefore, on balance, impose an undue burden on defendants.

The motion is denied in every other respect.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date: May 31, 2011

cc: John A. Curran, Esq.
Jonathan A. Lax, Esq.
Joseph F. McDowell, III, Esq.
Jeffrey B. Osburn, Esq.

3